# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLOS FERNANDO REIXACH MUREY, as Administrator for the Estate for Carlos Lens Fernandez a/k/a Carlos Lens, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 18-cv-275-KD-N |
| THE CITY OF CHICKASAW, *et al.*, | ) ) ) ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This action is before the Court on the Motion for Time to Conduct Discovery to Determine Identities of Fictitious Parties or, in the Alternative, to Remand (Doc. 8) filed by Plaintiff Carlos Fernando Reixach Murey, ("Murey"). The City of Chickasaw et. al., ("Defendants") filed a response in opposition (Doc. 11), and Murey filed a reply. (Doc. 12). This matter is now ripe for consideration and has been referred to the undersigned Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Murey's Motion to Conduct Discovery to Determine Identities of Fictitious Parties (Doc. 8) be **DENIED as moot** and that Murey's Motion in the Alternative, to Remand (Doc. 8) be **DENIED.** [1]

---

1. Rule 16(b) Telephonic Scheduling Conference was held on September 17, 2018. The Court entered a Scheduling Order (Doc. 24), on September 19, 2018.

## Procedural History

On May 26, 2018, Murey, as Personal Representative of the Estate of Carlos Lens filed a complaint in the Circuit Court of Mobile County. Among the other individually named defendants, Murey listed eight fictitious party defendants. The Complaint alleges Fourteenth Amendment violations and a state law cause of action arising from the wrongful death of Carlos Lens. (Doc. 2-1). On June 15, 2018, Defendants, City of Chickasaw, Michael E. Reynolds ("Reynolds") and Officer C. Robinson ("Robinson") removed the case to this Court under 28 U.S.C. § 1331 and 1441(a). (Doc. 1). On July 8, 2018, Murey filed the instant motion to conduct discovery on the identities of fictitious parties, or alternatively to remand this case. Defendants filed a response on July 19, 2018. Murey filed his reply to the response on July 30, 2018. The motion is now ripe for consideration.

## Analysis

### A. *Motion to Conduct Discovery*

Plaintiff first moves the court for an extension of time in which to conduct discovery into the identities of fictitious parties named in the complaint. Plaintiff's complaint lists eight fictitious parties A, B, C, D, E, F, G and H as "police officers, police supervisors, jail employees, jail supervisors, or other persons who were employed by, or acting on behalf of, the City of Chickasaw on the date of Carlos Lens' death and who actions or omissions contributed to the death of Carlos Lens". (Circuit Court Doc. 2). Plaintiff makes no specific allegations as to the conduct of any of the fictitious defendants. Moreover, in the Eleventh Circuit, fictitious party pleading

does not allow for a class of fictitious parties to be plainly named, rather, the fictitious party must be a real person whose identity is unknown. *See Quad Intern., Inc. v. Doe,* 2013 WL 105268, *3 (S.D. Ala.).

As a general matter, fictitious party pleading is not permitted in federal court. *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010); however, the Eleventh Circuit has created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the very worst surplusage." *Id.* In *Richardson v. Johnson,* the plaintiff identified a fictitious defendant as "John Doe (unknown legal name), guard, Charlotte Correctional Institute" in his complaint. The court held that the description in the complaint was insufficient to identify the defendant among the many guards employed at the correctional institute and the district court properly dismissed this claim. Likewise in the present action, Murey has not given the name of the fictitious entities coupled with adequate description of some kind which is sufficient to identify the person.

Based on the foregoing, the undersigned finds that the bare bones description provided by the Plaintiff is insufficient to establish the need to conduct discovery in order to uncover the defendants' actual names. Accordingly, it is the recommendation of the undersigned that the Plaintiff's motion for an extension of time to conduct discovery be **DENIED as moot.**

### B. *Motion to Remand*

Alternatively, Plaintiff seeks to remand this matter to state court. As grounds for the motion Plaintiff argues, in sum, that,

3

> "[s]ince Rule 9 of the Alabama Rules of Civil Procedure allows fictitious party pleading that would give Plaintiff time to conduct discovery necessary to determine who contributed to the death of Carlos Lens and then substitute those persons for the fictitious parties, Plaintiff seeks to have this case remanded to state court if this Court will not allow Plaintiff reasonable time for discovery and allow amendment of the Complaint to properly name those persons once their names are determined through discovery." (Doc. 8).

In opposition to the motion Defendants correctly note that "…Plaintiff's motion cites no case law in support of his request to remand a case that was properly removed under 28 U.S.C. § 1441(a)." (Doc. 11).

In reply, Plaintiff relies, in part, on *Muhammad v. Tuskegee* 76 F.Supp.2d 1293 (M.D.Ala. 1999). In *Muhammad* the court held that the plaintiff's state law claims were improperly removed from the Circuit Court of Macon County and that the plaintiff's state law claims were not separate and independent from her federal claim, maintaining that the state law claims were not removable under §1441(c). *Id* at 1296. In *Muhammad,* Plaintiff filed a complaint in the Circuit Court of Macon County, Alabama against the City of Tuskegee, and two officers for various state law torts and violation of the 42 U.S.C. §1983. *Id.* The court reasoned that the case was not removable under §1441(b) because diversity of citizenship did not exist, therefore the court was unable to exercise original jurisdiction. In addition, since the state law tort claims were not removable under 1441(d), the court would not exercise supplemental jurisdiction pursuant to §1367. Murey asks that this court "adopt the reasoning of the United States District Court for the Middle District of Alabama in *Muhammad* and remand at least the state tort (wrongful death) claim in Plaintiff's Complaint, as was done in *Muhammad*, or, in the alternative, remand the entire case to the Mobile

4

County Circuit Court." (Doc. 12).

Removal to federal court is proper if a civil action includes "a claim arising under the Constitution, laws, or treaties of the United States and a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." 28 U.S.C.§1441(c)(1)(A)(B). Murey maintains that the "Fourteenth Amendment violations are secondary to the predominant state law claim for the wrongful death of Carlos Lens" (Doc. 12). Murey's request is to have the state law wrongful death claim remanded even if the court fails to remand the §1983 claim.

Although Murey contends that the Fourteenth Amendment claim is not the "crux" of the Complaint, it pleads otherwise. The Complaint reads, " the action arises under the Fourteenth Amendment to the U.S. Constitution, the Alabama Constitution and Alabama law."(Doc. 2-1). Additionally, Murey alleges Fourteenth Amendment violations in Counts One, Two and Three of his four claims. Murey argues,"[t]he City of Chickasaw, the arresting, detaining and prosecuting governmental authority, had an obligation to provide Carlos Lens with his rights, as the City's pretrial detainee, under the Fourteenth Amendment, including without limitation, the right to be free from the pattern of neglect, mistreatment, and abuse stated hereinabove."(Doc. 2-1).

The Complaint offers no evidence that the Fourteenth Amendment was secondary to the state law, but that it was the predominant violation. Count Three

5

against the individual, Chief Michael Reynolds claims that, "Reynolds failure to properly staff and to adequately hire, train, manage, supervise and instruct the police officers and jail facility staff defendants led to and was a proximate cause of the death of Carlos Lens and Reynolds's failure constituted an unconstitutional custom or practice." (Doc. 2-1). Distinguishable from the *Muhammad* case, where the majority of the claims were based on Alabama State law and the court held that the state law violations took precedence, this is not the issue for this particular matter. The importance of the Fourteenth Amendment violation is reinforced in three separate counts by Murey. Count Four, is the only claim which alleges wrongful death under state law. Murey states, "failing to abide by Chickasaw City Jail standard operating procedures that were in compliance with state and federal law." (Doc. 2-1).

Murey fails to argue and maintain why the Court should grant the Motion to Remand. Therefore, pursuant to 28 U.S.C.A. §1441 and 28 U.S.C.A. §1331, it is the recommendation of the undersigned that Murey's alternative Motion to Remand in be (Doc. 8) **DENIED**.

### III.  Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Murey's Motion for Time to Conduct Discovery to Determine Identities of Fictitious Parties be **DENIED as moot** and, that the alternative Motion to Remand (Doc. 8) be **DENIED.**

### IV.  Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of October 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
