# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARLOS FERNANDO REIXAC MUREY,** As Administrator for the Estate of Carlos Lens Fernandez, a/k/a Carlos Lens, **Plaintiff,** | ) ) ) ) ) | |
| v. | ) ) | CIVIL ACTION 18-00275-KD-N |
| **THE CITY OF CHICKASAW, AL,** *et al.*, **Defendants.** | ) ) ) | |

## ORDER

This matter is before the Court on Plaintiff's motion to amend the complaint (Doc. 31), Defendants' Opposition (Doc. 36) and Plaintiff's Reply (Doc. 38).

## I.  Background

Plaintiff initiated this action in the Circuit Court of Mobile County on May 26, 2018, alleging Fourteenth Amendment claims and a state law wrongful death claim (Ala. Code § 6-5-410) against Defendants City of Chickasaw, Alabama, Michael E. Reynolds (former Police Chief -- Chickasaw AL), and Cynthia Robinson (Police Officer -- Chickasaw, AL) due to the May 27, 2016 actions/omissions of Defendants while Carlos Lens (now deceased) was incarcerated in the Chickasaw City Jail. (Doc. 2-1 at 5-17). Plaintiff alleges four (4) counts as follows: Count I - 14th amendment violations against all individual defendants; Count II - 14th amendment violations against the City of Chickasaw; Count III - 14th amendment violations against Defendant Reynolds; and Count IV - wrongful death - state law claim, against all defendants. (Id.)

On June 15, 2018, Defendants removed the case to this Court on the basis of federal question subject matter jurisdiction. (Doc. 1). On July 6, 2018, Defendants filed their answer, asserting a number of affirmative defenses. (Doc. 6). In so doing, Defendants did not plead the affirmative defense of statute of limitations. (Id.)

1

On December 3, 2018, Plaintiff moved to amend the complaint, to add Section 1983 claims against proposed individual defendants Robert Wenzinger and Michael Reynolds, and the City of Chickasaw, AL. (Doc. 31). As grounds, Plaintiff contends that it took 28 months to obtain videos/other evidence related to Carlos Lens' death (obtained October 1, 2018) and as such, when the complaint was filed, Plaintiff lacked knowledge of what occurred in the Chickasaw City Jail on May 26, 2016. (Doc. 31 at 1-2). Plaintiff "now has a clear picture of the events" and so seeks to amend the complaint "to fairly and accurately state what happened in the…Jail and why Carlos Lens died in custody." (Id. at 2). Per Plaintiff, the proposed amendments include the following:

- Dismiss Cynthia Robinson Burt as a Defendant;
- Join Officer Robert Wenzinger as a Defendant;
- Eliminate fictitious parties;
- Add citations and detail to Jurisdiction and Venue section;
- Delete Agency section and respondeat superior references;
- Revise Parties section to reflect change in Defendants;
- Add substantial detail to the Facts section;
- Change Count I from Fourteenth Amendment Violations against all Defendants to claim against Wenzinger;
- Change Count II from Fourteenth Amendment Violations against the City of Chickasaw to Fourteenth Amendment claims against Chief Michael Reynolds and add additional allegations and details;
- Change Count III from Fourteenth Amendment Violations against Chief Michael Reynolds to Fourteenth Amendment claims against the City of Chickasaw;
- Eliminate fictitious parties and the City of Chickasaw from the Wrongful Death claim and revise the wording of the claim; and
- Revise the relief sought to match the revisions in the Complaint.

(Doc. 31 at 2-3).

In opposition, Defendants contend that Plaintiff's motion to amend should be denied due to futility -- contending the applicable statute of limitations bars the amendment. Specifically:

> 42 U.S.C. §1983 does not contain a statute of limitations. As a result, the forum state's general or residual statute of limitations for personal injury actions are borrowed for §1983 actions filed in federal court in that state…..In Alabama, the residual personal injury statute of limitation is two (2) years…..Therefore, the statute of limitations for a §1983 action is two (2) years….Similarly, the statute of limitations for wrongful death in Alabama is two (2) years. ….

> On December 3, 2018, Plaintiff amended its Complaint to add an additional defendant and to assert additional causes of action, some 190 days after the expiration of the statute of limitations. There are two (2) possible ways that the claims….could escape the bar of the statute of limitations. The Amended Complaint would have to relate back pursuant to…Rule….15(c)(1)(A) or Rule 15(c)(1)(C). The latter of these options is inapplicable on its face by virtue of the time limitation in Rule 4(m) cited in Rule 15. The former, Rule 15(c)(1)(A) likewise does not justify a relation back of the claims….

(Doc. 36 at 2). In response, Plaintiff states:

> Plaintiff concedes that he cannot meet the burden required by…15(c)(1)(A) or 15(c)(1)(C) to substitute Robert Wenzinger for C. Robinson a/k/a Cynthia Robinson Burt. Therefore, Plaintiff withdraws his intent to dismiss C. Robinson as a Defendant and will submit a new proposed First Amended Complaint along with this reply using her current name of Cynthia Burt, adding additional claims and making more specific that which has already been pleaded, but not adding any new parties.

(Doc. 38 at 1). Plaintiff does not otherwise respond to Defendant's Section 1983 statute of limitations arguments. The specific (*new*) amendments Plaintiff seeks are as follows:

- Change Defendant C. Robinson's name in the Complaint to reflect the name she currently uses, Cynthia Robinson Burt;
- Eliminate fictitious parties;
- Add citations and detail to Jurisdiction and Venue section;
- Delete Agency section and respondeat superior references;
- Revise Parties section to reflect Cynthia Burt's current name;
- Add substantial detail to the Facts section and to the individual counts;
- Change Count I from Fourteenth Amendment Violations against all Defendants to a §1983 claim against Cynthia Burt and add additional allegations and details;
- Add an individual and specific §1983 claim against Cynthia Burt;
- Change Count II from Fourteenth Amendment Violations against the City of Chickasaw to Fourteenth Amendment claims against Chief Michael Reynolds and add additional allegations and details;
- Change Count III from Fourteenth Amendment Violations against Chief Michael Reynolds to Fourteenth Amendment claims against the City of Chickasaw and add additional allegations and details;
- Eliminate fictitious parties and the City of Chickasaw from the Wrongful Death claim and add additional allegations and details; and
- Revise the relief sought to match the revisions in the Complaint.

(Doc. 38 at 2).

## II. Motion to Amend

### A. Relevant Law

Without specifying as such, the avenue for Plaintiff to amend is Rule 15(a)(2), because at this stage in the litigation, the ability to amend under Rule 15(a)(1) has passed. Absent Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

### B. Discussion

At the outset, Defendants did not raise the statute of limitations in its Answer. Per Rule 8(c)(1), this affirmative defense "must" be affirmative[ly] state[d]." Failure to do so may result in the defense being deemed waived, unless there is no prejudice to plaintiff. See, e.g., Edwards v. Fulton Cty., Ga., 509 Fed. Appx. 882, 887 (11th Cir. 2013); Kennedy v. Warren Prop., LLC, 2017 WL 5896252, *5 at note 6 (S.D. Ala. Nov. 7, 2017). Plaintiff received notice of the defense with the current briefing related to the motion to amend the complaint and has had the opportunity to respond to same. Upon consideration, the Court finds no prejudice to Plaintiff such that Defendants are permitted to raise this affirmative defense.

With that clarification, and as noted *supra*, the operative complaint (Doc. 2-1 at 5-17)

alleges four (4) counts against the City of Chickasaw, Reynolds, Robinson, and fictitious parties as follows: Count I - 14th amendment violations against all individual defendants; Count II - 14th amendment violations against the City of Chickasaw; Count III - 14th amendment violations against Defendant Reynolds; and Count IV - wrongful death - state law claim, against all defendants. (Id.) First, fictitious party practice is not generally permitted in federal courts. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).[1] As such, Plaintiff's request to amend the complaint to remove all of the fictitious party allegations/claims, etc. is **GRANTED** (as such would otherwise be *sua sponte* stricken as a matter of course).

Second, the Court turns to the substantive counts. For Count I, Plaintiff has mooted Defendants' Section 1983 statute of limitations contentions for Wenzinger -- fixed on the substitution of fictitious parties vis-à-vis the relation back doctrine -- by conceding that (former fictitious defendant) Wenzinger cannot be added as a party. Instead, Plaintiff now seeks to assert a Section 1983 claim against current defendant Robinson as the new Count I -- to which the fictitious party relation back doctrine does not apply as she was named in the original complaint. Specifically, Plaintiff seeks to: "Change Count I from Fourteenth Amendment Violations against all Defendants to a §1983 claim against Cynthia Burt and add additional allegations and details[]" and to "[a]dd an individual and specific §1983 claim against Cynthia Burt[.]" This means Plaintiff is dropping any claims in Count I against any other defendants and is limiting Count I to a Section 1983 claim against Robinson (Burt). Concerning Count II, Plaintiff seeks to change this from "Fourteenth Amendment Violations against the City of Chickasaw to Fourteenth Amendment claims against…Reynolds and add additional allegations and details[.]" This means that the Plaintiff is dropping any 14th Amendment claims in Count II against the City of Chickasaw and is

---

[1] A limited exception exists where "plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." Id. Plaintiff has not asserted as such and seeks to dismiss these parties.

5

limiting Count II to a 14th Amendment claim against Reynolds. Regarding Count III, Plaintiff seeks to change this from "Fourteenth Amendment Violations against…Reynolds to Fourteenth Amendment claims against the City of Chickasaw and add additional allegations and details[.]" This means that the Plaintiff is dropping any 14th Amendment claims in Count III against Reynolds and is limiting Count III to a 14th Amendment claim against the City of Chickasaw. As for Count IV, the Alabama wrongful death claim, Plaintiff seeks to "[e]liminate…the City of Chickasaw from the Wrongful Death claim and add additional allegations and details[.]" This means that the Plaintiff is dropping the Alabama wrongful death claims in Count IV against all defendants <u>except</u> the City of Chickasaw. Upon consideration, these *new* proposed substantive changes to the counts prompts *the opportunity* for a response from the Defendants.

Third, Plaintiff seeks additional (less substantive) proposed amendments -----

- Change Defendant C. Robinson's name in the Complaint to reflect the name she currently uses, Cynthia Robinson Burt;
- Add citations and detail to Jurisdiction and Venue section;
- Delete Agency section and respondeat superior references;
- Revise Parties section to reflect Cynthia Burt's current name;
- Add substantial detail to the Facts section and to the individual counts;
- Revise the relief sought to match the revisions in the Complaint.

None of these proposed amendments appear prejudicial to Defendants, and apart from Robinson's name change, appear to have *already* been presented to Defendants, without objection.

Fourth, Defendants have not alleged that Plaintiff has engaged in any undue delay or bad faith, exhibited a dilatory motive, repeatedly failed to cure deficiencies, or that allowing the non-Wenzinger related amendments would be futile. But, such is with regard to the Plaintiff's *prior* proposed amendments -- which have now changed. *Cf.* Doc. 31 with Doc. 38.

### III. <u>Conclusion</u>

Accordingly, the Defendants are **ORDERED** to file any Objection to Plaintiff's revised amended complaint (Doc. 38-1) on or before **January 31, 2019**, to which Plaintiff may file a

Response on or before **February 7, 2019**.  *However*, as the Court is instructed to "freely give leave" to amend "when justice so requires" -- and cannot presently discern "a substantial reason" to deny same -- if no Objection is filed by the Defendants by January 31, 2019, it is **ORDERED** that Plaintiff's motion to amend (Doc. 31) will be **GRANTED** on **February 1, 2019.**

    **DONE** and **ORDERED** this the **25th** day of **January 2019.**

                          /s/ Kristi K. DuBose
                          **KRISTI K. DUBOSE**
                          **CHIEF UNITED STATES DISTRICT JUDGE**