IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CARLOS FERNANDO REIXAC MUREY,** )<br>As Administrator for the Estate of Carlos Lens )<br>Fernandez, a/k/a Carlos Lens, )<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE CITY OF CHICKASAW, AL,** *et al.,* )<br>**Defendants.** ) | CIVIL ACTION 18-00275-KD-N |

**ORDER**

This matter is before the Court on Plaintiff's motion to amend the complaint and proposed first amended complaint (Doc. 31), Defendants' Opposition (Doc. 36), Plaintiff's Reply and revised proposed first amended complaint (Doc. 38, Doc. 38-1); Defendants' Objection (Doc. 40) and Plaintiff's Response with re-revised proposed first amended complaint (Doc. 41, Doc. 41-1).

**I.  Background**

On May 26, 2018, Plaintiff Carlos Fernando Reixac Murey (administrator for the Estate of Carlos Lens Fernandez - Carlos Lens) (Plaintiff) initiated this action in the Circuit Court of Mobile County, Alabama, alleging Fourteenth Amendment claims and an Alabama wrongful death claim (Ala. Code § 6-5-410) against Defendants City of Chickasaw, Alabama, Michael E. Reynolds (former Police Chief), and Cynthia Robinson (Police Officer).  (Doc. 2-1 at 5-17).  As alleged, the case stems from the May 27, 2016 actions/omissions of Defendants while Carlos Lens (now deceased) was incarcerated in the Chickasaw City Jail.  (Id.)  Plaintiff asserts four (4) counts: Count I - Fourteenth Amendment violations against all of the individual defendants; Count II - Fourteenth Amendment violations against the City of Chickasaw, Alabama; Count III - Fourteenth Amendment violations against individual defendant Reynolds; and Count IV - an Alabama wrongful death claim against all of the defendants.  (Id.)

On June 15, 2018, Defendants removed the case to this Court on the basis of federal question subject matter jurisdiction. (Doc. 1). On July 6, 2018, Defendants filed their answer, asserting a number of affirmative defenses. (Doc. 6).

On December 3, 2018, Plaintiff moved to amend the complaint to -- among other things -- add Section 1983 claims against *proposed* individual defendants Robert Wenzinger and Michael Reynolds, and the City of Chickasaw, AL. (Doc. 31). As grounds, Plaintiff contends that it took 28 months to obtain videos/other evidence related to Lens' death (obtained October 1, 2018) and as such, when the complaint was filed, Plaintiff lacked knowledge of what occurred in the Chickasaw City Jail on May 26, 2016. (Doc. 31 at 1-2). Plaintiff "now has a clear picture of the events" and so seeks to amend the complaint "to fairly and accurately state what happened in the…Jail and why…Lens died in custody." (Id. at 2). In opposition, Defendants contend that the Plaintiff's motion should be denied due to futility as the applicable statute of limitations bars amendment. (Doc. 36). In response, Plaintiff withdrew the request to add Wenzinger but did not otherwise respond to Defendant's Section 1983 statute of limitations arguments. (Doc. 38). Instead, Plaintiff submitted a *revised* proposed first amended complaint. (Doc. 38-1).

On January 25, 2019, the Court issued the following order:

First, fictitious party practice is not generally permitted in federal courts…. Plaintiff's request to amend the complaint to remove all of the fictitious party allegations/claims, etc. is **GRANTED** (as such would otherwise be *sua sponte* stricken as a matter of course).

Second…For Count I, Plaintiff has mooted Defendants' Section 1983 statute of limitations contentions for Wenzinger…by conceding that (former fictitious defendant) Wenzinger cannot be added as a party. Instead, Plaintiff now seeks to assert a Section 1983 claim against current defendant Robinson as the new Count I -- to which the fictitious party relation back doctrine does not apply as she was named in the original complaint. Specifically, Plaintiff seeks to: "Change Count I from Fourteenth Amendment Violations against all Defendants to a §1983 claim against Cynthia Burt and add additional allegations and details[]" and to "[a]dd an individual and specific §1983 claim against Cynthia Burt[.]" This means Plaintiff is dropping any claims in Count I against any other defendants and is limiting Count I to a Section 1983 claim against Robinson (Burt). Concerning Count II, Plaintiff seeks to change this from "Fourteenth Amendment Violations against the City of

Chickasaw to Fourteenth Amendment claims against…Reynolds and add additional allegations and details[.]" This means that the Plaintiff is dropping any 14th Amendment claims in Count II against the City of Chickasaw and is limiting Count II to a 14th Amendment claim against Reynolds.  Regarding Count III, Plaintiff seeks to change this from "Fourteenth Amendment Violations against…Reynolds to Fourteenth Amendment claims against the City of Chickasaw and add additional allegations and details[.]" This means that the Plaintiff is dropping any 14th Amendment claims in Count III against Reynolds and is limiting Count III to a 14th Amendment claim against the City of Chickasaw.  As for Count IV, the Alabama wrongful death claim, Plaintiff seeks to "[e]liminate…the City of Chickasaw from the Wrongful Death claim and add additional allegations and details[.]" This means that the Plaintiff is dropping the Alabama wrongful death claims in Count IV against all defendants <u>except</u> the City of Chickasaw.  Upon consideration, these *new* proposed substantive changes to the counts prompts *the opportunity* for a response from the Defendants.

Third, Plaintiff seeks additional (less substantive) proposed amendments -----

- Change Defendant C. Robinson's name in the Complaint to reflect the name she currently uses, Cynthia Robinson Burt;
- Add citations and detail to Jurisdiction and Venue section;
- Delete Agency section and respondeat superior references;
- Revise Parties section to reflect Cynthia Burt's current name;
- Add substantial detail to the Facts section and to the individual counts;
- Revise the relief sought to match the revisions in the Complaint.

None of these proposed amendments appear prejudicial to Defendants, and apart from Robinson's name change, appear to have *already* been presented to Defendants, without objection.

Fourth, Defendants have not alleged that Plaintiff has engaged in any undue delay or bad faith, exhibited a dilatory motive, repeatedly failed to cure deficiencies, or that allowing the non-Wenzinger related amendments would be futile.  But, such is with regard to the Plaintiff's *prior* proposed amendments -- which have now changed.  *Cf.* Doc. 31 with Doc. 38.

(Doc. 39 (emphasis in original)).[1]

On January 31, 2019, Defendants filed their Objections.  (Doc. 40).  On February 7, 2019, Plaintiff responded, mooting the prior requests and submitting a *re-revised* proposed first amended

---

[1] With regard to Plaintiff's notation of an error in the Court's order as to its discussion of the proposed amendment to Count IV (Doc. 41 at 1-2), the Court acknowledges the existence of a scrivener's error and interprets Plaintiff's current request for this count to be, in Plaintiff's words, amended to the following (in relevant part): "The Plaintiff brings this count pursuant to Ala. Code (1975) § 6-5-410, the Alabama Wrongful Death Statute, against defendants Cynthia Robinson Burt, Michael E. Reynolds and the City of Chickasaw."  (Doc. 41-4 at 15 at ¶ 54).

complaint.  (Doc. 41, Doc. 41-1).

## II.   Discussion

The operative complaint (Doc. 2-1 at 5-17) alleges four (4) counts against the City of Chickasaw and individual defendants Reynolds and Robinson[2] as follows: Count I - 14th amendment violations against all individual defendants; Count II - 14th amendment violations against the City of Chickasaw; Count III - 14th amendment violations against Defendant Reynolds; and Count IV - wrongful death - state law claim, against all defendants.  In the *re-revised* proposed first amended complaint, Plaintiff seeks to make various amendments which this Court has either already addressed (Doc. 39) and/or which are discernible from a review of Doc. 41-1 (the re-revised proposed first amended complaint).

Turning to the arguments, first, Defendants' main objection is based on a false premise. Namely, that Plaintiff has *already* dismissed Robinson (Burt) and now is seeking to *reinstate* her as a defendant.  (Doc. 40).  However, the filing of a *motion* to amend a complaint (with a *proposed* amended complaint) has no effect unless and until the Court rules on the motion (i.e., the relief sought remains pending such that the operative complaint at the time continues to govern, not the *proposed* version (Doc. 2-1)).  In otherwords, Robinson (Burt) has not been dismissed from this case so there is no "reinstatement" required.

Second, the Court does not find Defendants' argument -- that the Rule 16(b) good cause standard applies rather than Rule 15(a)(2) -- persuasive.  *During the briefing on the timely motion to amend* and in response to Defendants' contentions, Plaintiff mooted the prior requests and submitted the *re-revised* proposed first amended complaint.  In so doing, Plaintiff withdrew the prior amendment requests (e.g., related to Robinson (Burt)) and submitted a re-revised first amended complaint which *still retains* her as a defendant.  (Doc. 41-1).  In light of the foregoing,

---

[2] The Court has already dismissed the fictitious parties.

it is **ORDERED** that Plaintiff's motion (Doc. 31), proposed first amended complaint (Doc. 31-1) and revised proposed first amended complaint (Doc. 38-1) are **MOOT,** and under these unique circumstances the Court construes Doc. 41 as a timely filed motion to amend with a re-revised proposed first amended complaint (Doc. 41-1), to be assessed under Rule 15(a)(2).

Third, turning to the re-revised proposed first amended complaint (Doc. 41-1), the Court finds as follows. As specified in the prior order (Doc. 39), Rule 15(a)(2) governs Plaintiff's motion to amend and instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

To the extent clarification is needed, Plaintiffs' fictitious party allegations/claims, etc. have already been dismissed. Additionally, the Defendants have had several opportunities to file any objections, which the Court has either already considered or found unpersuasive. Moreover, Defendants have not alleged the Plaintiff has engaged in undue delay or bad faith, exhibited a dilatory motive, repeatedly failed to cure deficiencies, or that allowing amendments would be futile (apart from the statute of limitations argument which lacks merit). Therefore, because the law instructs the Court to "freely give leave" to amend "when justice so requires" -- and the undersigned cannot discern "a substantial reason" to deny same -- Plaintiff's motion to amend with

re-revised proposed first amended complaint (Doc. 41, Doc. 41-1) is **GRANTED**.

As such, the Clerk is **DIRECTED** to docket Doc. 41-1 at Plaintiff's First Amended Complaint, which shall be the operative complaint in this case.

The Court cautions Plaintiff that any further requests to amend the complaint will be viewed with greater scrutiny, and moreover, will not be construed under Rule 15.

**DONE** and **ORDERED** this the **11th** day of **February 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**