IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARLOS FERNANDO REIXACH MUREY, as Administrator for the Estate of Carlos Lens Fernandez, a/k/a Carlos Lens, Plaintiff, v. THE CITY OF CHICKASAW, et. al., Defendants. | ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION: 1:18-00275-KD-N |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Reopen Discovery for Limited Purpose (Doc. 122) and Defendants' Response to Plaintiff's Motion to Reopen Discovery for Limited Purpose (Doc. 129).

**I.    Relevant Background**

Pursuant to the Rule 16(b) scheduling order, discovery closed on July 15, 2019 (Doc. 55). Magistrate Judge Nelson held a hearing August 30, 2019 to discuss discovery related issues. (Doc 102). Plaintiff believed, based on information from Defendants, that Defendant City of Chickasaw recorded radio and telephone conversations and recorded the dispatch room at the Chickasaw County Jail. (Doc. 122 at 1). On October 4, 2019, Defendants stated Mobile County EMS maintained those records and not Chickasaw. (Doc. 119 at 21). On October 8, 2019, Plaintiff moved to reopen discovery to depose witnesses regarding the recordings. (Doc. 122).

**II.    Standard of Review**

Federal Rules of Civil Procedure Rule 16(b) states that a district court must issue a scheduling order which limits the time to complete discovery. Fed. R. Civ. P. 16(b)(3)(A). This

1

schedule can be modified only upon a showing of good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). Rule 6(b) states when an act must be done within a specified time period, the court may extend that time period for good cause. Ashmore v. Sec'y, Dep't of Transp., 503 Fed.Appx. 683, 685-86 (11th Cir. 2013) (citing Fed. R. Civ. P. 6(b)(1)(A)). Good cause is established if the party can show the schedule could not be met despite the party's diligence. Oravec v. Sunny isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008). In Ashmore, the Eleventh Circuit used this standard to determine if a motion to reopen discovery should be granted. 503 Fed.Appx. at 686.

Rule 6(b)(1)(B) also states that a court may, for good cause, extend the time period to file a motion beyond the deadline if the party failed to act because of excusable neglect. The following factors are considered to determine if there was excusable neglect: (1) the danger of prejudice to the nonmovant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

A motion to reopen discovery on an issue currently before the court at the summary judgment stage is evaluated under Federal Rule of Civil Procedure 56(f). Davken, Inc. v. City of Daytona Beach Shores, 2006 WL 1232819, *4 (M.D. Fla. May 5, 2006). This rule provides "the Court may refuse an application for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery be had if it should appear from the affidavits of the party opposing the summary judgment motion that the party cannot present by affidavit facts essential to justify the party's opposition to the motion." Id. (citing Fed. R. Civ. P. 56(f)). Courts look to whether the moving party was diligent during the discovery period in

deciding whether a to grant a 56(f) motion. <u>Olds v. Cracker Barrel Old Country Store, Inc.</u>, 2015 WL 13776588, *2 (N.D. Ga. April 2, 2015).

**III.     Items for Limited Discovery**

**A.      Mobile County 911**

Murey seeks to reopen discovery for the limited purpose of: (1) taking the deposition of, and obtaining records from, non-party Mobile County 911, and (2) obtaining records from Defendant City of Chickasaw regarding the policies and procedures for retaining video and audio recordings of police department business. (Doc. 122 at 1). Defendants do not object to discovery for the limited purpose of allowing Murey to subpoena Mobile County 911 for the call transcript received the morning of May 27, 2016. Upon consideration, it is **ORDERED** that discovery is reopened for the limited purpose of obtaining the Mobile County 911 transcript.

However, Defendants object to reopening discovery to allow Murey to take a deposition of a representative from Mobile County 911. (Doc. 129 at 1). Upon review, Murey does not specify what he seeks specifically, only referencing "records from Mobile County 911" broadly. (<u>Id.</u>). As such, it is **ORDERED** that discovery is limited to Murey issuing a subpoena to Mobile County 911 for the production of the May 27, 2016 telephone transcript. (Doc. 129 at 1).

**B.      City of Chickasaw Policies and Procedures for Record Retention**

Murey seeks to reopen discovery as to Defendant City of Chickasaw's policies and procedures for preserving video and audio recording because "the City of Chickasaw now claims it never recorded radio or telephone conversations, but that Mobile County EMS maintained those records for the defendant. (Doc. 122 at 3 (referencing Doc. 119 at 21)). Murey states this information was not sought before the close of discovery because he was unaware of a need for this information until such a time.

In response, Defendants assert they provided Murey with copies of City of Chickasaw policies and procedures and that Murey had the opportunity to ask Defendant Reynolds about said policies during Reynolds' deposition. (Doc. 129 at 2). Both Defendants production of policies and procedures and Reynolds' deposition occurred before Defendants allegedly changed their position regarding audio and video recordings. (Doc. 129 at 2).

Upon consideration, the Court does not find sufficient grounds to reopen discovery as to these materials. As such, Plaintiff's motion to reopen discovery is **DENIED** as to the City of Chickasaw's policies and procedures as to the retention of records.

V.     **Conclusion**

It is **ORDERED** that Plaintiff's Motion for Discovery (Doc. 122) is **GRANTED in part** and **DENIED in part** as set forth *supra*. No further discovery shall be permitted beyond that specified in this order. It is **ORDERED** that this limited discovery shall be completed on or before **November 1, 2019**; and the parties have leave of Court to file, on or before **November 8, 2019**, supplemental briefs (not to exceed 10 pages) addressing this discovery as it relates to their summary judgment contentions.

Counsel is advised that this limited discovery shall not affect the currently scheduled final pretrial conference or trial setting. (Doc. 24).

The Court will take the summary judgment under submission upon receipt of the parties supplemental briefs on **November 8, 2019.**

**DONE** and **ORDERED** this the **21st** day of **October 2019**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**