IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARLOS FERNANDO REIXACH MUREY, as Administrator for the Estate of Carlos Lens Fernandez, a/k/a Carlos Lens, Plaintiff, v. THE CITY OF CHICKASAW, *et al.*, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION 1:18-00275-KD-N |

## ORDER

This matter is before the Court on Plaintiff's supplemental brief wherein the plaintiff requests sanctions (Docs. 135, 136, 138), and Defendants' Response (Docs. 141, 142).

**I.      Background**

Pursuant to the Rule 16(b) scheduling order, discovery closed on July 15, 2019 (Doc. 55). Magistrate Judge Nelson held a hearing August 30, 2019 to discuss discovery related issues. (Doc 102). Murey believed, based on information from Defendants, that Defendant City of Chickasaw recorded radio and telephone conversations and recorded the dispatch room at the Chickasaw County Jail. (Doc. 122 at 1). On October 4, 2019, Defendants stated Mobile County EMS maintained those records and not Chickasaw. (Doc. 119 at 21). On October 8, 2019, Murey moved to reopen discovery to depose witnesses regarding the recordings. (Doc. 122). On October 21, 2019, the Court ordered discovery be reopened for the limited purpose of subpoenaing Mobile County 911 for relevant audio recordings and transcripts. (Docs. 130, 132).

Thereafter, on November 1, 2019, Murey obtained nineteen (19) recordings from Mobile County 911. (Doc. 136 at 2). The "retrieved recorded conversations [were] from a recorder

1

located in the Chickasaw Municipal Building, where the jail and dispatch room operated until a few months ago." (Id.).

Murey contends Defendants "intentionally misrepresented to this Court" both that "the City of Chickasaw did not maintain telephone and radio recordings in 2016" and that the City "did not have possession of the recordings that were extracted from the recorder located in Chickasaw…" (Id. at 1-2). But, Murey argues, "[i]n actuality, the recordings that the Defendants' attorneys denied were in the possession of the Defendants are maintained in a recording device sitting in the City of Chickasaw jail/dispatch building where Carlos Lens died." (Id. at 3). Also, Murey asserts that the recordings Mobile County 911 provided Plaintiff's attorneys with on November 1, 2019 "should have been produced by the Defendants months ago in response to discovery requests…" (Id. at 2).

Additionally, Murey contends "[a]lthough Mobile County 911 was able to recover nineteen (19) recordings made on May 27, 2016 and related to Carlos Lens, other recordings have been spoliated by the Defendants and it appears can never be recovered." (Doc. 136 at 3). Specifically, Murey states Justin Thomas (Mobile County 911 employee) was unable to locate or the recordings no longer exist of 1) a conversation between Sgt. Taylor and Sgt. Burson, where Taylor requests Burson's assistance in the Draeger room; and 2) a conversation between Burt and Captain McDuffie on May 27, 2016. (Id.).

In response, Defendants first assert Murey received the call between Burson and Taylor. (Doc. 142 at 4 (citing Doc. 141-2, Doc. 141-8)). Next, Defendants contend Doc. 138, Clip A-5 is a recording of the conversation between Burt and McDuffie; Plaintiffs mistakenly believed the recording was a conversation between Burt and Reynolds. (Doc. 142 at 4-5). In Burt's supplemental affidavit Defendants provide in support of their response, Burt says, "I placed a

fourth call to Captain McDuffie. After Captain McDuffie answered, I handed the call over to Sgt. Wickel who spoke with Captain McDuffie…Sgt. Wickel informed me that he notified Chief Reynolds, Captain Richardson and Lt. Stubbs. I made note of the notification on the jail log." (Doc. 141-3 at 3 (Supp. Aff. Burt)).

**II.     Discussion**

First, there is no evidence to support the conclusion that Defendants lied or acted with the intent to deprive Murey of the evidence at issue. As noted *supra*, Murey asserts Defendants misrepresented to the Court that the City had these recordings and about the location at which the recordings were maintained. Defendants contend that they did not know recordings were at the Chickasaw City Jail until Murey filed his supplemental brief. (Doc. 142 at 1). The recording device is "located inside a corner closet on a shelf in the dispatch area." (Id. at 2). The recording device is both owned and maintained by Mobile County Communications District. (Id.). The City designates only certain jailers/dispatchers access to these recordings. (Id.). Starting in 2018, only the previous ten (10) calls were accessible to those jailers/dispatchers. (Id.). Other members of the police department do not have access to these recordings. (Id.). The City stopped housing inmates or providing dispatch services in April 2019 and since then, no one has been employed as a jailer/dispatcher for the City. (Id.).

When Plaintiff's counsel asked for dispatch and phone records in June 2019, the City thought Mobile County Communications District maintained the recordings because no one in the police department had access to those recordings (jailers/dispatchers were no longer employed). (Id. at 3). Defense counsel contacted Mobile County Communications District for recordings and provided a transcript of the one call it was given immediately to Plaintiff's

3

counsel. (Id.). Based on the foregoing, the Court finds insufficient support that Defendants "intentionally misrepresented to this Court" where the recordings were stored.

Moreover, there is no prejudice from Defendants failure to locate the recordings. Murey asserts the following recordings are missing and/or were deleted: 1) a phone call between Burson and Taylor; and 2) a call between Burt and McDuffie or Reynolds. As mentioned *infra*, Defendants assert Murey was mistaken as to the identity of the speaker in Doc. 138, Clip A-5. (Doc. 142 at 4-5). That recording is actually the call between Burt and McDuffie. (Id.). But even assuming arguendo those recordings were deleted, Murey has not established how this missing evidence results in prejudice.

## III. Conclusion

The Court finds sanctions are not warranted. Accordingly, it is **ORDERED** that the Plaintiff's motion sanctions (Docs. 135, 136, 138) is **DENIED**.

**DONE** and **ORDERED** this the **26th** day of **November 2019**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**